IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Lee Pelzer, ) | |
|                                     Plaintiff, ) | C/A No. 8:10-1265-MBS |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Michael McCall; Florence Mauney; ) | |
| Vernon Miller, Charles Williams, ) | |
| Officer Cook, Victoria Balogun, ) | |
| Amy Enloe, Jean Rutledge and ) | |
| Sergeant Church, ) | |
|                                     Defendants. ) | |

At the time of the underlying complaint, Plaintiff Thomas Lee Pelzer was an inmate in custody of the South Carolina Department of Corrections who was housed at the Perry Correctional Institution in Pelzer, South Carolina. Plaintiff, proceeding pro se, filed a complaint on May 18, 2010, alleging deprivation of his constitutional rights under the Eighth Amendment. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for a Report and Recommendation.

This matter is before the court on motion for summary judgment filed by Defendants on May 20, 2011. By order filed May 23, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on June 2, 2011. On February 16, 2012, the Magistrate Judge issued a Report and Recommendation in which she determined that Defendants McCall, Mauney, and Rutledge should be dismissed because there are no allegations in the complaint of wrongdoing by these Defendants. The

Magistrate Judge further determined that Plaintiff failed to established that his Eighth Amendment rights had been violated, either through use of excessive force or because of deliberate indifference to Plaintiff's medical needs.  Further, the Magistrate Judge determined that Defendants are entitled to qualified immunity.  Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted.  Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons set forth herein and in the Report and Recommendation, Defendants' motion for summary judgment (ECF No. 75) is **granted** and the case dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

March 7, 2012

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**